## Graham v. Graham.

March 9, 1945.

544

W. Clarke Otte and James S. Shaw for appellant.

Lawrence S. Grauman for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD—
Reversing.

The parties to this appeal were married on June 11, 1938, in Louisville, Kentucky, where they continued to reside as wife and husband until January 15, 1943. On that date the husband abandoned the wife, stating that he was tired of her; that he would not live with her as her husband; and that he did not care if he never saw her again. On April 29, 1943, he was inducted into the United States Navy; and later, having come into contact with her at the place where she was employed, he stated that he would not live with her if she was the "last woman on earth."

The foregoing facts appear from the uncontroverted petition and proof in this action which was instituted by the wife on February 1, 1944, seeking an absolute divorce on the ground of one year's abandonment. The husband entered his appearance and declined to plead, notwithstanding which fact, the Chancellor dismissed the petition on the ground, as we are informed by the brief of the County Attorney, that "after April 29, 1943, the absence of the appellee from the appellant was not voluntary on his part". It is this judgment we are asked to reverse.

So far as we have been able to ascertain, the question which we are called upon to consider is one of first impression. In its final analysis it is whether induction into the armed forces, irrespective of any and all other circumstances, suspends the operation of the statute authorizing the granting of a divorce on the ground of one year's abandonment if and when that period had not elapsed prior to the induction. Our conclusions are that while the abandonment must be voluntary throughout the statutory period in order to constitute a ground for an absolute divorce, it cannot be properly denominated otherwise merely because of the inability of the offender to return, since in the absence of an intention to return but for the inability, the inability becomes wholly immaterial. If in the case at bar nothing more than appellee's abandonment of appellant and his subsequent induction into the armed forces had been

shown, the Chancellor would have been clearly right in denying appellant a divorce, since, in such a state of case, it could not be said that appellee would not have returned within the year had he been able to do so. However, appellee's intention to permanently abandon appellant was shown not only by his vehement declarations at the time of the separation but by his statement to appellant made after his induction. It therefore seems to us obvious that the intention of the offending spouse cannot be denied controlling consideration, and that this intention may be manifested either by his declarations preceding or at the time of the abandonment, as well as by his subsequent conduct.

It is obvious that one's absence in the defense of his country should not be seized upon by an unworthy spouse as a means of procuring a divorce otherwise unobtainable. It is equally obvious that an unoffending spouse, wilfully deserted by one subsequently called into the armed forces, should not be denied the relief to which the statute entitles her merely because of an inflexible rule lacking legislative sanction. It would thus seem that each case similar to this in its essential facts should be decided on its individual merits. Applying these principles to the facts presented by the record before us, we have no alternative to holding that appellant is entitled to the relief sought. Accordingly, the judgment is reversed.

Whole Court sitting.